UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES EX. REL. SHANTEL GIONSON<br><br>Plaintiff,<br>v.<br>NVWM REALTY, LLC, *et. al.,*<br>Defendants. | Case No. 2:18-cv-01409-GMN-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1), filed on July 30, 2018.

**BACKGROUND**

Plaintiff alleges that she rented a residential dwelling from Defendants that was governed by Section 8 Tenant-Based Housing Choice Voucher Program ("Section 8"), a federally regulated rent subsidy program administered by the Southern Nevada Regional Housing Authority ("SNRHA"). She further alleges that despite an agreement known as the Housing Assistance Payment ("HAP") Contract between Defendants and SNRHA that prohibited Defendant from charging Plaintiff additional rent or other fees, Defendants charged her for illegal side payments every month from April 2016 to June 2018 in violation of the False Claims Act.

**DISCUSSION**

I. **Application to Proceed *in Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

1

**II.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  See *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint.  *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law.  See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.

8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

## III. Instant Complaint

The FCA imposes liability on anyone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" from the United States Government. 31 U.S.C. § 3729(a)(1). To assert a claim under the FCA, a plaintiff must sufficiently allege "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *U.S. ex rel. Mathis v. Mr. Prop., Inc.*, No. 2:14-CV-00245-GMN, 2015 WL 1034332, at *4 (D. Nev. Mar. 10, 2015) (quoting *U.S. ex rel. Hendow v. Univ. of Phoenix,* 461 F.3d 1166, 1174 (9th Cir.2006)).

### 1. A False Statement or Fraudulent Course of Conduct

As to the first element, in the Ninth Circuit a party can sufficiently establish the first element under a theory of express or implied false certification. *United States v. Baran*, 2015 WL 5446833, at *4 (C.D. Cal. Aug. 28, 2015). A fraudulent course of conduct can occur "where a party merely falsely certifies compliance with a statute or regulation as a condition to government payment." *Mathis*, 2015 WL 1034332, at *4. Additional fees not included in the HAP contract may be considered side payments and a fraudulent course of conduct under the FCA. *Mathis*, 2015 WL 1034332, at *4 (Plaintiff sufficiently alleged that additional monthly fees for pool maintenance was a fraudulent course of conduct); *U.S. ex rel. Holmes v. Win Win Real Estate, Inc.*, 2015 WL 6150594, at *5 (D. Nev. Oct. 19, 2015) (Homeowner association fees and property management fees were rent and violated the FCA).

1 | Here, Plaintiff alleges that the HAP contract provided that sewer and trash payments were the responsibility of Defendants. *See Complaint* (ECF No. 1-1), 5. She further alleges that Part C, paragraph 5, of the HAP contract and federal law defined rent as "payment for all housing services, maintenance, equipment, and utilities to be provided by the owner without additional charge to the tenant, in accordance with the HAP contract and lease." *Id.* Defendants certified that they would not receive any side payments. *Id.* Defendants charged Plaintiff $35.00 for sewer and trash payments every month from April 2016 to June 2018. Therefore, Plaintiff satisfied the first element because she has sufficiently alleged that the charging of sewer and trash fees was a fraudulent course of conduct.

### 2. Scienter

In order not to punish honest mistakes or incorrect claims submitted through mere negligence, Congress specifically amended the FCA to include scienter. *Baran*, 2015 WL 5446833, at *4. Scienter is defined as "the knowing presentation of what is known to be false." *Mathis*, 2015 WL 1034332, at *5. The FCA defines "knowing" and "knowingly" as having actual knowledge of information or acting in either deliberate ignorance or reckless disregard of the truth or falsity of the information. 31 U.S.C.A. § 3729(b). The false statement or fraudulent conduct must be made with knowledge of the falsity and with intent to deceive. *Baran*, 2015 WL 5446833, at *4.

Defendants executed the HAP contract that provided that sewer and trash fees were the responsibility of Defendants, that Defendants were prohibited from charging additional side payments, and that any excess rent payments were to be immediately returned to Plaintiff. *See Complaint* (ECF No. 1-1), 5. Defendants certified that they would not receive side payments. *Id.* Plaintiff alleges that Defendants knew or recklessly disregarded that accepting side payments breached the HAP contract while simultaneously receiving monthly rental payments from SNRHA. *Id.* Defendants agreed to the provisions of the HAP contract. Therefore, Plaintiff has sufficiently alleged facts that Defendants made false certifications with the requisite scienter.

### 3. Material

The third element requires that a false statement or course of conduct "be material to the Government's decision to pay out moneys to the claimant." *Win Win Real Estate, Inc.*, 2015 WL 6150594, at *5 (citing *Univ. of Phoenix*, 461 F.3d at 1172)). In other words, there must be a causal relationship between the fraudulent conduct and the government's loss. *Id.* Under Part B, paragraph 8 of the HAP and federal law, Defendants certified that they would not receive side payments. *Complaint* (ECF No. 1-1), 5. Further, Plaintiff alleges that the administrative plan for the SNRHA Housing Choice Voucher Program provides that acceptance of side payments for additional rent would result in the termination of the HAP and would bar the owner from further participation in the Section 8 Program. Thus, any additional charge, including trash and sewer fees, was material to SNRHA and the government's decision to pay out moneys. Plaintiff, therefore, has sufficiently alleged materiality.

### 4. Causing the Government to Pay Out Money

The government must have paid out moneys in order to have a claim under the FCA. *Mathis,* 2015 WL 1034332, at *6. Here, Plaintiff alleges that Defendants received twenty-seven (27) rental subsidy payments from SNRHA on her behalf. The SNRHA receives housing assistance money from HUD and Plaintiff alleges that would not have occurred but for Defendants' false claims and misrepresentations. *Complaint* (ECF No. 1-1), 6. Therefore, Plaintiff has sufficiently alleged the fourth element and a claim under the FCA. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall unseal and file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendants named in the complaint and deliver the summons to the U.S. Marshal for service. The Clerk of the Court shall send the required USM-285 forms to Plaintiff. Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, she has twenty (20) days to file a notice with the court identifying if Defendants were served. If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety (90) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

Dated this 24th day of June, 2019.

_George Foley Jr._
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE